53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sheila VALDEZ, on behalf of her mother and next friend;
Theresa Gomez Valdez, Plaintiff-Appellant,
v.
ESPAOLA, CITY OF; Richard Guillen, Individually and in his
official capacity as Chief of Police; Johnny Vigil,
Individually and in his official capacity; Brian Berry,
Individually and in his official capacity; Oscar Salgado,
Individually and in his official capacity; John Does, I-II,
Individually and in their official capacity, Defendants-Appellees.
 No. 94-2077.
 D.C. No. CIV 92-325 M
 United States Court of Appeals, Tenth Circuit.
 May 3, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, ALARCON,[2] and EBEL, Circuit Judges.
 
 BALDOCK
 
 1
 The parties are familiar with the facts. Plaintiff Sheila Valdez, on behalf of her mother Plaintiff Theresa Gomez Valdez, brought a 42 U.S.C.1983 action against the City of Espaola, the Espaola Chief of Police, and several Espaola police officers. Plaintiff alleged the City of Espaola violated her civil rights by failing to properly train and supervise its police officers. Plaintiff alleged the Espaola police Defendants violated her civil rights because they unlawfully: (1) searched her home; (2) arrested her without probable cause and falsely imprisoned her; (3) used excessive force to arrest her; (4) intentionally harassed her; and (5) maliciously prosecuted her.
 
 
 2
 At trial, the district court directed a verdict for Defendants on Plaintiff's failure to train and malicious prosecution claims. The jury found for Defendants on all of Plaintiff's remaining claims. This appeal followed.
 
 
 3
 On appeal, Plaintiff contends the district court: (1) erred in directing a verdict against her on her failure to train and malicious prosecution claims; (2) did not perform "its Rule 104(a) F.R.Evid. duty to screen expert[ ] testimony;" (3) improperly admitted expert testimony over Plaintiff's objection that the evidence was more prejudicial than probative; (4) improperly admitted "evidence of criminal history of non-parties without a showing of relevance, and evidence of a new psychological diagnosis without a showing of reliability;" (5) deprived Plaintiff of her liberty without due process of law by admitting felony conviction evidence of Plaintiff's non-party, non-witness relatives to impeach her; and (6) abused its discretion in denying Plaintiff's motion for new trial.
 
 
 4
 We have reviewed the parties' pleadings and briefs, the trial transcripts, and the entire record before us. Based upon our review of the record, we find no reversible error and we AFFIRM.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation